IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GOOCHLAND COUNTY SCHOOL BOARD,
    Plaintiff,

v.                                     Civil No. 3:25-cv-238

CHERYL SIMS AND
KANDISE LUCAS,
    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on the following pleadings (collectively, "the MOTIONS") filed by Kandise Lucas:

(1) RENEWED MOTION TO DISQUALIFY JUDGE ROBERT E. PAYNE AND VACATE ORDERS PURSUANT TO RULE 60(d)(3) FOR FRAUD UPON THE COURT AND CONSTITUTIONAL VIOLATIONS (ECF No. 37); and

(2) RENEWED MOTION TO VACATE ORDERS UNDER RULE 60(b)(6), CONSOLIDATE APPEALS, AND DISQUALIFY JUDGE ROBERT E. PAYNE FOR CONTRADICTORY AND UNLAWFUL RULINGS REGARDING IDEA ATTORNEY'S FEES AND HEARING OFFICER DEFERENCE (ECF No. 41); and

(3) MOTION TO RECUSE JUDGE ROBERT E. PAYNE AND JUDGE KEVIN HUENNEKENS FOR FINANCIAL CONFLICTS, PROFESSIONAL TIES, USE OF INVECTIVE LANGUAGE, JUDICIAL LYNCHING, JUDICIAL ENTRAPMENT, SANCTIONS, AND CRIMINALIZATION OF DR. LUCAS' ADVOCACY UNDER 28 U.S.C. § 455 (ECF No. 59); and

(4) RENEWED MOTION TO DISMISS JUDGE PAYNE BASED UPON CONSTITUTIONAL VIOLATIONS AND PROCEDURAL ERRORS IN THE ORDER OF AUGUST 1, 2025 (ECF No. 68).

1

I. BACKGROUND

The Goochland County School Board ("GCSB") filed this action (ECF No. 1) against Kandise Lucas ("Lucas") and Cheryl Sims ("Sims") under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA") and its implementing regulations 34 C.F.R. Part 300 and 8 Va. Admin. Code 20-81-10 et seq. Sims is the parent of children ("Cr. G. and Ca. G.") who are entitled to certain services under the IDEA. Lucas is a "special education advocate" who represented Sims and the children in so-called IDEA "due process hearings" initiated by Sims and Lucas. GCSB alleges that Lucas, with the knowledge of Sims, abused the due process hearing procedures by filing many duplicative due process hearing requests, all of which were resolved against Sims and Lucas. GCSB incurred approximately $275,000 in attorneys' fees.

In COUNT I, GCSB seeks prefiling injunctions against Lucas: (i) enjoining the last of the repetitive, duplicative due process hearings; and (ii) enjoining Lucas from filing or pursuing any due process hearings concerning any Goochland County student without first obtaining leave of court; or, alternatively; (iii) enjoining Lucas from initiating or pursuing any due process hearing requests concerning Sims' children without first obtaining leave of court. In COUNT II, GCSB seeks an award of attorneys' fees incurred in defending repetitive, duplicative, baseless due process hearings, all of which were resolved against Sims and Lucas.

2

In significant part, Lucas has responded to the Complaint with the motions to recuse the trial judge and efforts to have the Court refer GCSB, its employees, and its lawyers to various entities for criminal prosecution. In the MOTIONS, Lucas appears to raise several arguments that, for the most part, are nearly incomprehensible and difficult to follow. But, Lucas is proceeding pro se and, as such, the Court must afford her leniency and understanding in its review of her asserted positions. The Court has reviewed all the points raised by Lucas in the MOTIONS and now finds that none of the arguments therein raised have any merit. For the forthcoming reasons, the MOTIONS will be denied.

## II. LEGAL STANDARD

A. Section 144

The first statutory provision upon which Lucas relies, 28 U.S.C. § 144 ("Section 144"), provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

B. Section 455(a), (b)(1), (b)(4)

Lucas also brings her recusal motions pursuant to multiple subsections of 28 U.S.C. § 455 ("Section 455"). First, pursuant to Section 455(a), "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might <u>reasonably</u> be questioned." 28 U.S.C. § 455(a) (emphasis added). For recusal to be appropriate under Section 455(a), there must be a "reasonable factual basis [that] exists for doubting the judge's impartiality. The inquiry is whether a person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." <u>In re Beard</u>, 811 F.2d 818, 827 (4th Cir. 1987) (citation omitted). However, judges are "not . . . required to recuse [themselves] simply because of 'unsupported, irrational, or highly tenuous speculation.'" <u>United States v. Cherry</u>, 330 F.3d 658, 665 (4th Cir. 2003) (quoting <u>United States v. DeTemple</u>, 162 F.3d 279, 287 (4th Cir. 1998).

Similarly, Section 455(b)(1) provides that a judge "shall also disqualify himself" when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). To meet Section 455(b)(1)'s standard, the movant "must demonstrate that such bias or prejudice arose from an extrajudicial source, or, if such bias arose from a judge's official role, the litigant must

4

demonstrate that the judge displayed a 'deep-seated favoritism or antagonism.'" Canslor v. Clarke, No. 2:13-cv-116, 2016 U.S. Dist. LEXIS 85601, at *10 (E.D. Va. June 29, 2016) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Finally, Section 455(b)(4) requires a federal judge to disqualify himself when he "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4).

## III. ANALYSIS

A. 28 U.S.C. § 144

To the extent that the MOTIONS seek recusal under 28 U.S.C. § 144, that request for relief fails at the threshold because Lucas did not file an "affidavit that the judge before whom the matter is pending has a personal bias or prejudice . . . ." 28 U.S.C. § 144. That requirement is important because the affidavit must be under oath, thereby assuring that what is said is objective provable fact and is not just opinion. See Lilley v. Levchuk, No. 5:16-cv-193, 2017 U.S. Dist. LEXIS 107792, at *3 (W.D.N.C. July 12, 2017) (citations omitted). And, because a false affidavit subjects its affiant to perjury charges, the requirement seeks to motivate the affiant to take care in what is said. The MOTIONS are not proper under the statute because there is no affidavit. Therefore, the MOTIONS will be denied to the extent that they are

based on 28 U.S.C. § 144.

B. 28 U.S.C. §§ 455(a), (b)(1), and (b)(4)

The MOTIONS also rely on 28 U.S.C. § 455(a), (b)(1), and (b)(4). By way of example, Lucas claims that the undersigned (1) humiliated Lucas, (2) questioned Lucas's professional credentials, (3) and deployed a United States Marshal to the courtroom to resolve a disruption. ECF No. 37 at 3-4. Those claims are raised by Lucas throughout the MOTIONS in the form of general and conclusory bullet-point accusations that lack any sort of reasoning or factual support to substantiate why such accusations are sufficient to trigger recusal pursuant to 28 U.S.C. § 455(a). As stated above, judges are "not . . . required to recuse [themselves] simply because of 'unsupported, irrational, or highly tenuous speculation.'" Cherry, 330 F.3d at 665 (quoting DeTemple, 162 F.3d at 287. That is precisely what the Court is presented with throughout the MOTIONS. Thus, these assertions fail to meet the standards for recusal under Section 455(a) or (b)(1).

1. "Equal Access" Contentions

The MOTIONS assert, in various forms, that the Court has deprived Lucas of "equal access" in these proceedings. By way of example, Lucas asserts that she was "denied equal access" because: (1) she was denied access to the electronic filing system; (2) she was penalized for untimely filings caused by mail delays and courthouse closures; and (3) the Court imposed a 20-page filing

limit on her. ECF Nos. 37, 41.

As to the denial of access to the electronic filing system, <u>pro se</u> litigants in the Eastern District of Virginia are prohibited from filing documents electronically, so Lucas is not treated differently than any other <u>pro se</u> litigant, clearly dispelling any of her claims of bias or prejudice. As to Lucas's claims of being penalized for untimely filings caused by mail delays and courthouse closures, she provides absolutely no support for this claim, and the Court is aware of no such instance. As to the 20-page filing limit of which Lucas complains, this limit is specifically imposed by Local Rule 7(F) and the Court's decision to enforce the local rule in no way calls its impartiality into question.[1] After careful review, none of the "unequal access" claims raised by Lucas in the MOTIONS meet the standards for recusal under Section 455(a) or (b)(1).

2. F.R.E. 611

The MOTIONS assert that the undersigned "weaponized Federal Rule of Evidence 611 to coach Sands Anderson in disrupting Dr. Lucas's presentation." ECF No. 37 at 5. Rule 611 provides that "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2)

---

[1] In any event, by filing a properly documented motion showing the need for additional pages, a litigant may be permitted to exceed the 20-page limit. Lucas never filed such a request.

avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611. The Court's actions were clearly directed at exercising reasonable control over the presentation of evidence and well within the Court's discretion. In no way do those actions suggest any degree of impartiality. Therefore, this argument fails to meet the standards for recusal under Section 455(a) or (b)(1).

3. Settlement to Another Case

The MOTIONS assert that the undersigned "[a]ccepted a falsified settlement agreement dated May 19, 2025," and "[d]ismissed Mr. Skinger from the case based on that agreement . . . ." ECF No. 37 at 5. It is correct that, in another case involving a dispute between another school board, Lucas, and another parent, Skinger.[2] Skinger and that other school board reached a settlement. Why Lucas concluded that the settlement is falsified is neither disclosed nor is it fathomable, particularly considering that the settlement process was presided over by a United States Magistrate Judge in this Court. In any event, the settlement was in another case.

Lucas's assertion, without any factual or legal support, that any falsified settlement agreement was accepted by the Court does not accurately represent reality. Indeed, it is just one of many

---

[2] Powhatan Cnty. Sch. Bd. v. Skinger, No. 3:24-cv-874 (E.D. Va. filed December 6, 2024).

8

delusional, untrue, unsupported assertions made by Lucas in the MOTIONS under consideration and in this case. This baseless assertion in no way satisfies the standards for recusal under Section 455(a) or (b)(1).

4. Award of Attorneys' Fees

The MOTIONS assert that the undersigned has improperly awarded attorneys' fees. ECF No. 41 at 4. However, the Court has not awarded any judgment for attorneys' fees on COUNT II in this matter against Lucas. But even if such a judgment had been entered, mere disagreement with a ruling is an insufficient basis to establish impartiality, personal bias, or prejudice. That is precisely what Lucas attempts to argue here. Therefore, Lucas has once again failed to meet the standards for recusal under Section 455(a) or (b)(1).

5. Perceived Violation of Trump v. CASA, Inc.

The MOTIONS assert that the undersigned issued "blanket injunctive relief against parties not before the court" in violation of Trump v. CASA, Inc., 606 U.S. 831, 831 (2025). ECF No. 41 at 6. However, no "universal injunction" has been entered by the Court in this case or in any matter involving Lucas. As a result, this argument simply fails to satisfy the standards for recusal under Section 455(a) or (b)(1).

6. Alleged Professional Ties to Law Firms

The MOTIONS assert that the undersigned has disqualifying

9

"professional ties to [law firms] Sands Anderson and Reed Smith." ECF No. 59 at 10. In support of her position, Lucas highlights that the undersigned has "presided over cases in which Sands Anderson and Reed Smith represent opposing parties in matters involving Dr. Lucas" and that these firms have benefited from "favorable rulings" in the past. ECF No. 59 at 10. Additionally, Lucas notes that, on December 5, 2023, the undersigned "participated as a panelist in a Federal Bar Association Lunch and Learn event" and alleges that Sands Anderson and Reed Smith "reportedly participated in this event." ECF No. 59 at 10. Neither of these come close to establishing any form of disqualifying professional ties, and any assertion to the contrary is just baseless. Once again, Lucas's arguments fail to meet the standards for recusal under Section 455(a) or (b)(1).

7. Financial Holdings

The MOTIONS assert that the undersigned should be disqualified pursuant to Section 455(b)(4) because his "holdings in BlackRock Virginia Municipal Bond Trust (BHV) and the PGIM Total Return Bond Fund are connected to Henrico, Goochland, and Powhatan Counties . . . ." ECF No. 59 at 4. Lucas claims that because BHV and PGIM hold Henrico Country, VA Water & Sewer Revenue Bonds, there is a financial connection to Henrico County such that the undersigned should recuse himself.

To begin, Lucas alleges no time frame for the asserted

10

ownership. However, a review looking back 7 years confirmed that the undersigned has not owned BlackRock Virginia Municipal Bond Trust (BHV). The undersigned does own PGIM Total Return Bond Fund but is informed that the fund does not hold, and has never held, any municipal bonds of any Virginia entity. Even if the PGIM fund owned bonds from any of those counties, that in no way represents a disqualifying financial interest as the undersigned has no "financial interest . . . in a party to the proceeding," seeing as how Goochland County School Board is the plaintiff in this case. 28 U.S.C. § 455(b)(4). Lucas then attempts to draw some tenuous connection between the undersigned's alleged PGIM holding and the Goochland County School Board, stating "[w]hile publicly available data doesn't list specific county-level bonds like BHV does, given its core plus structure, it likely holds a significant portion of state and local government bonds, which may include Virginia school district or county issuers." ECF No. 59 at 5. Lucas's reliance on these unsupported, speculative assertions are utterly inadequate to establish any legitimate grounds for recusal pursuant to 28 U.S.C. § 455(b)(4). Moreover, the undersigned is assured that PGIM does not hold any Virginia municipal bonds. For these reasons, the MOTIONS fail to meet the standards for recusal under Section 455(b)(4).

C. Rule 60(b)

Finally, to the extent that the MOTIONS contain requests for

relief under Fed. R. Civ. P. 60(b), those requests are denied as improper. Rule 60(b) permits a party to file a motion to seek relief "from a final judgment, order, or proceeding" for several reasons. Fed. R. Civ. P. 60(b)(1)-(6). By its plain terms, Rule 60(b) requires that the movant seek relief from a "final" judgment or order, meaning one that "end[s] the litigation, leaving nothing to be done except the execution of the judgment." <u>Bernstein v. Menard</u>, 728 F.2d 252, 253 (4th Cir. 1984) (citing <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 467 (1978)); <u>Kinsale Ins. Co. v. Jdbc Holdings, Inc.</u>, 31 F.4th 870, 874 (4th Cir. 2022). Not only has the Court not yet entered any final judgment or order in this case against Lucas, but Lucas does not even point to a single such judgment or order that she believes can be the source of relief under Rule 60(b). Instead, she blanketly seeks such relief from every opinion and order, all interlocutory, entered by the Court in this matter. That is not an appropriate request under Rule 60(b). Therefore, the MOTIONS will be denied to the extent that they seek relief under Rule 60(b).

## IV. CONCLUSION

For the foregoing reasons, the MOTIONS (ECF Nos. 37, 41, 59, and 68) will be denied, each in its entirety.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 12, 2026