IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GOOCHLAND COUNTY SCHOOL BOARD,
    Plaintiff,

v.                                           Civil No. 3:25-cv-238

CHERYL SIMS AND
KANDISE LUCAS,
    Defendants.

## MEMORANDUM OPINION

The Court, by way of its MEMORANDUM ORDER (ECF No. 52) entered August 1, 2025, stated that Kandise Lucas's filings at ECF Nos. 24 and 30 would be treated as a Motion to Set Aside Entry of Default. Having reviewed the filings comprising Lucas's Motion to Set Aside Entry of Default (ECF Nos. 24 and 30), it is hereby ORDERED that the Motion to Set Aside Entry of Default will be GRANTED.

## I. BACKGROUND

On March 28, 2025, Goochland County School Board ("GCSB") filed its AMENDED COMPLAINT (ECF No. 6), which seeks permanent injunctive relief as to Lucas, and attorneys' fees as to *pro se* Defendant Kandise Lucas ("Lucas") and *pro se* Defendant Cherly Sims ("Sims"). ECF No. 6 at 7-11. On April 22, 2025, Lucas filed the ANSWER AND DEFENSES OF MINISTER CHERYL SIMS AND DR. KANDISE LUCAS (ECF No. 14). In response, on April 25, 2025, GCSB filed its MOTION TO STRIKE PORTIONS OF DEFENDANTS' "ANSWER AND DEFENSES OF MINISTER CHERYL SIMS AND DR. KANDISE LUCAS" (the "Motion to Strike") (ECF

1

No. 15). On June 3, 2025, for the reasons set out in a separate ORDER (ECF No. 19), the Court STRUCK the Defendant's purported ANSWER (ECF No. 14) from the record.

In recognition of the Defendants' pro se status, and acknowledging that they seemed intent on responding to the AMENDED COMPLAINT, when striking the Defendants' ANSWER, the Court nonetheless permitted the Defendants to make replacement filings by June 16, 2025, in a manner that fully conformed with the Federal Rules of Civil Procedure, the Local Civil Rules, and this Court's ORDERS. The Court notified the Defendants that failure to properly and timely do so "could result in . . . the entry of judgment against" them. ECF No. 19, at 7-8.

Following the June 3 ORDER (ECF No. 19), Lucas filed three new motions, ECF Nos. 20, 21, 24, which were filed on June 4 (first and second) and June 16 (third). The first two of these filings, ECF Nos. 20, 21, were not proper responses to the June 3 ORDER because neither was a replacement Answer or responsive motion. On June 16, 2025, Lucas filed CO-DEFENDNAT DR. KANDISE LUCAS' MOTION IN OPPOSITION TO SANCTIONS, ATTORNEYS' FEES, AND PRELIMINARY INJUNCTION AS UNCONSTITUTIONAL UNDER A.J.T. v. Osseo Area Schools (2025) AND IN VIOLATION OF MANDATES SET FORTH IN McIntosh v. Div. of Labor Licensing, 865 F.2d 264 (4th Cir. 1998) (ECF No. 24).

On June 26, 2025, GCSB requested that the Clerk enter DEFAULT against Lucas, ECF No. 27. On June 27, 2025, the Clerk filed its

2

ENTRY OF DEFAULT as to Lucas (ECF No. 29) at 8:31 A.M. At 3:36 P.M., June 27, 2025, Lucas filed DEFENDANT KANDISE LUCAS'S RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT (ECF No. 30). Lucas claimed therein that ECF No. 24 was a proper replacement. ECF No. 30 at 2.

## II. ANALYSIS

Entry of default is mandatory where a party "has failed to plead or otherwise defend, and that failure is shown by affidavit." Fed. R. Civ. P. 55(a). Having reviewed Lucas's MOTION IN OPPOSITION TO SANCTIONS, ATTORNEYS' FEES, AND PRELIMINARY INJUNCTION AS UNCONSTITUTIONAL UNDER A.J.T. v. Osseo Area Schools (2025) AND IN VIOLATION OF MANDATES SET FORTH IN McIntosh v. Div. of Labor Licensing, 865 F.2d 264 (4th Cir. 1988) (ECF No. 24), the Court now finds that, when read liberally in recognition of Lucas's pro se status, this filing, ECF No. 24, is best construed as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

As to COUNT I of the AMENDED COMPLAINT, which seeks the entry of a pre-filing injunction against Lucas barring her from pursuing any further due process hearings concerning any Goochland County student without first obtaining leave of this Court, Lucas appears to argue "that any attempt to limit IDEA filings or advocacy by Dr. Lucas . . . is unconstitutional pursuant to the U.S. Supreme Court's ruling in" A.J.T. v. Osseo Area Sch., Indep. Sch. Dist.

3

No. 279, 605 U.S. 335 (2025). ECF No. 24 at 2. Additionally, as to COUNT II of the AMENDED COMPLAINT, which seeks an award of attorneys' fees against Lucas for all due process hearings initiated by Lucas that are found to be frivolous, unreasonable, and without foundation, Lucas appears to argue that the attorneys' fees claim violates the requirements set forth in McIntosh v. Flint Hill Sch., 100 Va. Cir. 32 (Fairfax Cir. Ct. 2018).[1] Viewed generously, these arguments allege that GCSB lacks sufficient legal support for the relief sought in COUNTS I and II of its AMENDED COMPLAINT.

### III. CONCLUSION

Setting aside the merits of the arguments raised above by Lucas, the Court finds that, by way of ECF No. 24, which has been liberally construed by the Court as a Motion to Dismiss, Lucas has defended her position to such an extent that the Clerk's entry of default against Lucas was not correct. See Fed. R. Civ. P. 55(a). Therefore, the Entry of Default will be set aside. To that extent, and only to that extent ECF Nos. 24 and 30 will be granted. The Court will address Lucas's Motion to Dismiss (ECF No. 24) in a

---

[1] In her filing, ECF No. 24, Lucas provided the following citation: McIntosh v. Div. of Labor Licensing, 865 F.2d 264 (4th Cir. 1988). No such case exists in the Fourth Circuit. In a subsequent filing, ECF No. 31, Lucas provided the following updated citation to a case that does exist: McIntosh v. Flint Hill School, 2018 Va. Cir. LEXIS 321 (Fairfax Cir. Ct. 2018). Therefore, the Court shall proceed with the understanding that Lucas relies on this updated citation.

separate Opinion.

/s/ REP
_____
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 12, 2026