IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GOOCHLAND COUNTY SCHOOL BOARD,
    Plaintiff,

v.                              Civil No. 3:25-cv-238

CHERYL SIMS AND
KANDISE LUCAS,
    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the MOTION TO VACATE AND FOR SANCTIONS DUE TO FRAUD, LACK OF DOCUMENTED EXPENDITURES, AND FALSE CLAIMS FOR ATTORNEYS' FEES ("the MOTION") (ECF No. 47) filed by Kandise Lucas. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented and oral argument would not aid in the decisional process. See E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, the MOTION will be DENIED.

## I. BACKGROUND

The Goochland County School Board ("GCSB") filed this action (ECF No. 1) against Kandise Lucas ("Lucas") and Cheryl Sims ("Sims") under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA") and its implementing regulations 34 C.F.R. Part 300 and 8 Va. Admin. Code 20-81-10 et seq. On July 29, 2025, Lucas filed this MOTION to (1) "vacate any ruling granting attorneys' fees to Plaintiffs Goochland County School Board and Powhatan County School Board or their attorneys Sands Anderson,

1

Blankenship & Keith, or Haney Phinyowattanachip PLLC, and" (2) "impose sanctions pursuant to Rule 11(b), Rule 60(b)(3), and this Court's inherent authority, for fraud upon the court, perjury, and knowingly submitting false or undocumented claims for reimbursement under IDEA, 20 U.S.C. § 1415(i)(3)." ECF No. 47 at 1. Lucas is proceeding pro se and, as such, the Court must afford her leniency and understanding in its review of her asserted positions. The Court has reviewed all the points raised by Lucas in the MOTION and now finds that none of the arguments therein raised have any merit. For the forthcoming reasons, the MOTION will be denied.

## II. ANALYSIS

Rule 11(b), which governs representations made to a court, provides that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary

2

> support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The primary purpose of Rule 11 "is to deter future litigation abuse." In re Sargent, 136 F.3d 349, 352 (4th Cir. 1998) (citation omitted). Rule 11(c)(1) enables the court to "impose an appropriate sanction on any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation," so long as they had "notice and a reasonable opportunity to respond[.]" Fed. R. Civ. P. 11(c)(1). Rule 11(c)(2) states:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2) (emphasis added). "The requirements of the rule are straightforward: The party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the

3

motion." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 389 (4th Cir. 2004) (citing Fed. R. Civ. P. 11(c)(1)(A), now codified at Fed. R. Civ. P. 11(c)(2)).

The Safe Harbor provision found in Rule 11(c)(2) "establishes conditions precedent to the imposition of sanctions . . . . If those conditions are not satisfied, the Rule 11 motion for sanctions may not be filed with the district court. If a non-compliant motion nonetheless is filed with the court, the district court lacks authority to impose the requested sanctions." Brickwood Contractors, Inc., 369 F.3d at 389. The Fourth Circuit has noted that "[w]hen a Rule 11 movant fails to serve the other party twenty-one days prior to filing a motion for sanctions with the court, sanctions should be denied." Truelove v. Heath, 86 F.3d 1152 (4th Cir. 1996) (per curiam) (unpublished table decision).

Here, Lucas has completely failed to comply with the Safe Harbor provision found in Rule 11(c)(2). Lucas did not serve GCSB with the MOTION prior to filing the MOTION with the Court. ECF No. 86 at 3. In her response, Lucas fails to explain or even acknowledge this procedural defect. See ECF No. 87. Therefore, due to Lucas's failure to satisfy the clear requirements of the Safe Harbor provision found in Rule 11(c)(2), Lucas is procedurally barred from moving for sanctions under Rule 11. In turn, Lucas's request for relief under Rule 11 must fail.

In her filings, Lucas routinely includes generalized and

4

unsupported additional requests for relief. In this MOTION, Lucas has once again done this, requesting that the Court sanction GCSB and its attorneys pursuant to Rule 60(b)(3) and "this Court's inherent authority . . . ." ECF No. 47 at 1. Rule 60(b)(3) provides that "the court may relieve a party or its legal representative from a <u>final judgment, order, or proceeding</u> for" "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3) (emphasis added). Any request made by Lucas pursuant to Rule 60(b)(3) fails at the outset because, at this time, no final judgment has been entered against Lucas in this matter.

As to Lucas's request that the Court invoke its inherent authority to oppose sanctions, this request also fails. When the court is "acting under its inherent authority [it] may impose sanctions for any 'conduct utterly inconsistent with the orderly administration of justice.'" <u>Projects Mgmt. Co. v. Dyncorp Int'l LLC</u>, 734 F.3d 366, 375 (4th Cir. 2013) (quoting <u>United States v. Nat'l Med. Enters., Inc.</u>, 792 F.2d 906, 912 (9th Cir. 1986)). Despite the rambling, baseless accusations raised by Lucas throughout her MOTION, the record before the Court lacks evidence of any conduct by GCSB that rises to the level required to justify the imposition of sanctions under Court's inherent authority.

Finally, as to Lucas's request that the Court "vacate any ruling granting attorneys' fees to Plaintiffs Goochland County

5

School Board . . . or their attorneys Sands Anderson . . . ," this request must be denied for the simple reason that, at this time, no such award of attorneys' fees has been granted against Lucas in this case. ECF No. 47 at 1. To the extent that Lucas seeks to vacate awards of attorneys' fees against her in other cases, those requests are procedurally improper and, therefore, will be denied.

### IV. CONCLUSION

For the foregoing reasons, the MOTION (ECF No. 47) will be denied in its entirety.

/s/ _REP_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 30 , 2026

6