IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GOOCHLAND COUNTY SCHOOL BOARD,
    Plaintiff,

v.                                Civil No. 3:25-cv-238

CHERYL SIMS AND
KANDISE LUCAS,
    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND 37 ("the MOTION") (ECF No. 42) filed by Kandise Lucas. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented and oral argument would not aid in the decisional process. See E.D. Va. Loc. Civ. R. 7(J).

## I. BACKGROUND

The Goochland County School Board ("GCSB") filed this action (ECF No. 1) against Kandise Lucas ("Lucas") and Cheryl Sims ("Sims") under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA") and its implementing regulations 34 C.F.R. Part 300 and 8 Va. Admin. Code 20-81-10 et seq. On July 24, 2025, Lucas filed this MOTION seeking the imposition of "sanctions against Sands Anderson PC, and attorneys pursuant to Rules 11 and 37 of the Federal Rules of Civil Procedure . . . ." ECF No. 42 at 1. Lucas is proceeding pro se and, as such, the Court must afford her leniency and understanding in its review of her asserted

1

positions. For the following reasons, the MOTION will be denied.

## II. ANALYSIS

### A. Rule 11 Sanctions

Rule 11(b), which governs representations made to a court, provides that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The primary purpose of Rule 11 "is to deter future litigation abuse." In re Sargent, 136 F.3d 349, 352 (4th Cir. 1998) (citation omitted). Rule 11(c)(1) enables the court to "impose an appropriate sanction on any attorney, law firm, or party

2

that violated [Rule 11(b)] or is responsible for the violation," so long as they had "notice and a reasonable opportunity to respond[.]" Fed. R. Civ. P. 11(c)(1). Rule 11(c)(2) states:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). <u>The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.</u> If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2) (emphasis added). "The requirements of the rule are straightforward: The party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion." <u>Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.</u>, 369 F.3d 385, 389 (4th Cir. 2004) (citing Fed. R. Civ. P. 11(c)(1)(A), now codified at Fed. R. Civ. P. 11(c)(2)).

The Safe Harbor provision found in Rule 11(c)(2) "establishes conditions precedent to the imposition of sanctions . . . . If those conditions are not satisfied, the Rule 11 motion for sanctions may not be filed with the district court. If a non-compliant motion nonetheless is filed with the court, the district court lacks authority to impose the requested sanctions."

3

Brickwood Contractors, Inc., 369 F.3d at 389. The Fourth Circuit has noted that "[w]hen a Rule 11 movant fails to serve the other party twenty-one days prior to filing a motion for sanctions with the court, sanctions should be denied." Truelove v. Heath, 86 F.3d 1152 (4th Cir. 1996) (per curiam) (unpublished table decision).

Here, Lucas has completely failed to comply with the Safe Harbor provision found in Rule 11(c)(2). Lucas did not serve GCSB with the MOTION prior to filing the MOTION with the Court. ECF No. 84 at 3. In her response, Lucas fails to explain or even acknowledge this procedural defect. See ECF No. 87. Therefore, due to Lucas's failure to satisfy the clear requirements of the Safe Harbor provision found in Rule 11(c)(2), Lucas is procedurally barred from moving for sanctions under Rule 11. In turn, Lucas's request for relief under Rule 11 must fail.

B. Rule 37 Sanctions

As to Lucas's request for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Court will deny this request *without prejudice* to renewal pending response from GCSB regarding whether it will be voluntarily dismissing COUNT II of its Complaint against Lucas. In Powhatan County School Board v. Skinger et al., 3:24-cv-874, ECF No. 310 (E.D. Va. Jan. 23, 2026), the Powhatan County School Board, while represented by Sands Anderson and its attorneys Laura Elizabeth Maughan and Matthew David Green (the same firm and attorneys representing GCSB in this

4

matter), filed a NOTICE OF VOLUNTARY DISMISSAL OF COUNT II (which sought attorneys' fees against Lucas in that matter) pursuant to Rule 41(a)(1)(A)(i). If GCSB similarly files a Notice of Voluntarily Dismissal of Count II (the attorneys' fees claim) in this case, the requests made by Lucas for production of "[u]nredacted/paid Sands Anderson invoices; [a]udit reports by Brown Edwards; [and] IDEA-required documentation, including procedural safeguards and funding authorizations" will be mooted. Accordingly, by way of accompanying ORDER, GCSB will be directed to file by April 10, 2026, either (1) a Notice of Voluntarily Dismissal of Count II (as was done in the Skinger case) or (2) a Statement of Position that GCSB intends to continue pursuing its claim for attorneys' fees against Lucas under Count II.

## IV. CONCLUSION

For the foregoing reasons, the MOTION (ECF No. 42) will be denied without prejudice.

/s/ _____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 31, 2026