IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GOOCHLAND COUNTY SCHOOL BOARD,
    Plaintiff,

v.                                Civil No. 3:25-cv-238

CHERYL SIMS AND
KANDISE LUCAS,
    Defendants.

MEMORANDUM OPINION

This matter is before the Court on the MOTION TO VACATE AND FOR SANCTIONS DUE TO FRAUD, LACK OF DOCUMENTED EXPENDITURES, AND FALSE CLAIMS FOR ATTORNEYS' FEES ("the MOTION") (ECF No. 46) filed by Cheryl Sims. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented and oral argument would not aid in the decisional process. See E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, the MOTION will be DENIED.

I. BACKGROUND

The Goochland County School Board ("GCSB") filed this action (ECF No. 1) against Kandise Lucas ("Lucas") and Cheryl Sims ("Sims") under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA") and its implementing regulations 34 C.F.R. Part 300 and 8 Va. Admin. Code 20-81-10 et seq. On July 29, 2025, Sims filed this MOTION to (1) "vacate any ruling granting attorneys' fees to Plaintiffs Goochland County School Board and Powhatan County School Board or their attorneys Sands Anderson,

1

Blankenship & Keith, or Haney Phinyowattanachip PLLC, and" (2) "impose sanctions pursuant to Rule 11(b), Rule 60(b)(3), and this Court's inherent authority, for fraud upon the court, perjury, and knowingly submitting false or undocumented claims for reimbursement under IDEA, 20 U.S.C. § 1415(i)(3)." ECF No. 46 at 1. Sims is proceeding pro se and, as such, the Court must afford her leniency and understanding in its review of her asserted positions. For the forthcoming reasons, the MOTION will be denied.

## II. ANALYSIS

### A. Requests for Sanctions

Rule 11(b), which governs representations made to a court, provides that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The primary purpose of Rule 11 "is to deter future litigation abuse." In re Sargent, 136 F.3d 349, 352 (4th Cir. 1998) (citation omitted). Rule 11(c)(1) enables the court to "impose an appropriate sanction on any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation," so long as they had "notice and a reasonable opportunity to respond[.]" Fed. R. Civ. P. 11(c)(1). Rule 11(c)(2) states:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2) (emphasis added). "The requirements of the rule are straightforward: The party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 389 (4th Cir. 2004) (citing Fed. R. Civ. P. 11(c)(1)(A),

3

now codified at Fed. R. Civ. P. 11(c)(2)).

The Safe Harbor provision found in Rule 11(c)(2) "establishes conditions precedent to the imposition of sanctions . . . . If those conditions are not satisfied, the Rule 11 motion for sanctions may not be filed with the district court. If a non-compliant motion nonetheless is filed with the court, the district court lacks authority to impose the requested sanctions." Brickwood Contractors, Inc., 369 F.3d at 389. The Fourth Circuit has noted that "[w]hen a Rule 11 movant fails to serve the other party twenty-one days prior to filing a motion for sanctions with the court, sanctions should be denied." Truelove v. Heath, 86 F.3d 1152 (4th Cir. 1996) (per curiam) (unpublished table decision).

Here, Sims has completely failed to comply with the Safe Harbor provision found in Rule 11(c)(2). Sims did not serve GCSB with the MOTION prior to filing the MOTION with the Court. ECF No. 85 at 3. In her response, Sims fails to explain or even acknowledge this procedural defect. See ECF No. 87. Therefore, due to Sims's failure to satisfy the clear requirements of the Safe Harbor provision found in Rule 11(c)(2), Sims is procedurally barred from moving for sanctions under Rule 11. In turn, Sims's request for relief under Rule 11 must fail.

As to Sims's request that the Court invoke its inherent authority to oppose sanctions, this request also fails. When the court is "acting under its inherent authority [it] may impose

4

sanctions for any 'conduct utterly inconsistent with the orderly administration of justice.'" Projects Mgmt. Co. v. Dyncorp Int'l LLC, 734 F.3d 366, 375 (4th Cir. 2013) (quoting United States v. Nat'l Med. Enters., Inc., 792 F.2d 906, 912 (9th Cir. 1986)). Despite the rambling, baseless accusations raised by Sims throughout her MOTION, the record before the Court lacks evidence of any conduct by GCSB that rises to the level required to justify the imposition of sanctions under Court's inherent authority.

B. Request for Relief from Final Judgment

In her MOTION, Sims requests that the Court sanction GCSB and its attorneys pursuant to Rule 60(b)(3) and "this Court's inherent authority . . . ." ECF No. 46 at 1. Rule 60(b)(3) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for" "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3) (emphasis added). Interpreted generously, when read in conjunction with Sims's request that the Court "vacate any ruling granting attorneys' fees to Plaintiffs Goochland County School Board . . . or their attorneys Sands Anderson . . . ," the Court construes this as a motion to set aside the final judgment against Sims in this matter pursuant to Rule 60(b)(3). ECF No. 46 at 1.[1]

---

[1] On August 1, 2025, by MEMORANDUM ORDER (ECF No. 52), Final Default Judgment was entered against Sims in the amount of $14,370.91 in attorneys' fees pursuant to COUNT II of the AMENDED COMPLAINT, ECF No. 6, plus post-judgment interest at

5

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." The Fourth Circuit has developed a two-stage inquiry for district courts to follow when deciding whether to set aside a default judgment. As a threshold matter, the party seeking to set aside the judgment must prove the following: (1) that his motion is timely, (2) that he has a meritorious defense to the action, and (3) that the opposing party would not be unfairly prejudiced by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264-65 (4th Cir. 1993) (citing Park Corp. v. Lexington Ins. Co., 812. F.2d 894, 896 (4th Cir. 1987)). Once the party has made the threshold showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief. See Park Corp., 812 F.2d at 896. Federal Rule of Civil Procedure 60(b) states:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

the federal judgment rate (4.08%) from Monday, August 4, 2025, until paid in full. ECF No. 52 at 5.

(3) <u>fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party</u>;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (emphasis added). Rule 60(c)(1) clarifies that a motion made pursuant to Rule 60(b) must be made "within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The party seeking relief under Rule 60(b) "must clearly establish the grounds therefor to the satisfaction of the district court . . . and such grounds must be clearly substantiated by adequate proof." <u>In re Burnley</u>, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations omitted).

To prevail on a Rule 60(b)(3) motion, the moving party must prove (1) that they have a "meritorious defense," (2) that the opposing party committed "misconduct by clear and convincing evidence," and (3) that "the misconduct prevented the moving party from fully presenting its case." <u>Schultz v. Butcher</u>, 24 F.3d 626, 630 (4th Cir. 1994). Here, the Court finds that Sims has not to adequately established that she has any meritorious defense. Sims

7

asserts that "any claim for fees-recently entered in Goochland v. Sims-**is legally infirm and must be vacated.**" ECF No. 46 at 2 (emphasis in original). In support of this claim, Sims cites two cases in support: (1) <u>Arlington Central School Dist. Bd. of Educ. v. Murphy</u>, 548 U.S. 291 (2006) and (2) <u>Garvin v. Armstrong</u>, 236 F. Supp. 2d 527 (E.D. Va. 2002). While <u>Murphy</u> does hold that the IDEA does not authorize reimbursement for *expert fees*, GCSB is not seeking to recover the fees expended for any experts here. GCSB only sought recovery of its attorneys' fees against Sims. As such, Sims's reliance on <u>Murphy</u> is misplaced.

Sims then cites to <u>Garvin</u> for the proposition that "awards must be documented, reasonable, and pursuant to a lawful public obligation." ECF No. 46 at 2. In response, GCSB noted that:

> The citation Sims has provided ("236 F. Supp. 2d 527") does not appear to exist. A search for this citation in a commercially available legal research database directs one to <u>Harrell v. Purcell</u>, 236 F. Supp.2d 526, which is a case out of the Middle District of North Carolina from 2002. The case involves a § 1983 claim against various government officials and has nothing to do with the IDEA. The words "fee" and "cost" do not appear anywhere in that case. Undersigned counsel has conducted a cursory review of other opinions from cases captioned "Garvin v. Armstrong" and found <u>Garvin v. Armstrong</u>, 236 F.3d 896 (7th Cir. 2001), but this case, too, involves a § 1983 civil rights claim and has nothing to do with the IDEA. Other cases with the same caption that Counsel has reviewed are not on point, either.

ECF No. 85 at 4. The Court's independent review confirms GCSB's findings. Therefore, Sims has utterly failed to satisfy her threshold obligation to obtain Rule 60(b) relief and the motion to

set aside the final judgment against her will be denied. <u>See</u> <u>Nat'l</u> <u>Credit Union Admin. Bd.</u>, 1 F.3d at 264-65 (citing <u>Park Corp.</u>, 812. F.2d at 896).

Finally, to the extent that Sims seeks to vacate awards of attorneys' fees against her in other cases, those requests are procedurally improper and, therefore, will be denied.

## IV. CONCLUSION

For the foregoing reasons, the MOTION (ECF No. 46) will be denied in its entirety.

/s/ _____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 31, 2026

9