**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

GOOCHLAND COUNTY SCHOOL BOARD,

Plaintiff,

v. Civil Action No. 3:25-cv-238

CHERYL SIMS, et al.,

Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on DEFENDANT MINISTER CHERYL DENISE SIMS' CONSOLIDATED MOTION FOR IMMEDIATE RETURN OF MINOR GRANDCHILDREN, RULE 11 SANCTIONS, RULE 37 SANCTIONS, FRAUD UPON THE COURT RELIEF, EVIDENTIARY HEARING, DISCOVERY RELIEF, ATTORNEYS' FEES, COSTS, AND OTHER APPROPRIATE RELIEF (ECF No. 126) (the "CONSOLIDATED MOTION") and the Plaintiff's RESPONSE IN OPPOSITION (ECF No. 132).

To the extent that the CONSOLIDATED MOTION seeks relief from default judgment under Fed. R. Civ. P. 60(d), it fails to show that there has been a fraud on the court. As to its prayer for sanctions, it fails to comply with the procedural requirements to seek sanctions. Finally, all other grounds for relief are beyond the Court's power because they raise new counterclaims, third-party claims, or discovery requests without having filed an Answer to the Amended Complaint or seeking relief from the entry of

default judgment. Accordingly, the CONSOLIDATED MOTION will be denied in its entirety.

## I. Factual Background

The facts of this case are described in detail in the MEMORANDUM ORDER of June 4, 2026 (ECF No. 104). They are only reproduced here to the extent necessary for this motion.

This case arises from a series of administrative due process complaints submitted by Dr. Kandise Lucas, acting as a Special Education Advocate on behalf of Minister Cheryl Sims and her minor grandchildren, Cr. G. and Ca. G. Those complaints were made pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., and its federal and state implementing regulations, 34 C.F.R. Part 300; 8 VAC 20-81-10 et seq. (collectively referred to as the "IDEA") and were served upon the Plaintiff, the Goochland County School Board ("GCSB").

The Complaint alleges that Dr. Lucas and Minister Sims abused the IDEA process by filing 18 complaints, each of which were ultimately held to be unfounded or frivolous, and most of which related to the same subject matter. The Amended Complaint seeks to enjoin Dr. Lucas from filing further complaints without first obtaining leave from this Court and an award of attorney's fees incurred in defending filings that were found to be unfounded and frivolous.

A default judgment was entered against Minister Sims on August

1, 2025 (ECF No. 52), thus closing the case as to her. See ECF No. 63 (ordering that case filings no longer be mailed to Minister Sims as she is no longer a party). Subsequently, the Court denied Minister Sims' MOTION TO VACATE AND FOR SANCTIONS DUE TO FRAUD, LACK OF DOCUMENTED EXPENDITURES, AND FALSE CLAIMS FOR ATTORNEY'S FEES (ECF No. 46), which it treated as a motion for relief from judgment under Fed. R. Civ. P. 60(b) and a motion for sanctions under Fed R. Civ. P. 11. See ECF No. 92; ECF No. 93.

Minister Sims filed the CONSOLIDATED MOTION (ECF No. 132) on August 7, 2026, more than a year after the default judgment. In the CONSOLIDATED MOTION, Minister Sims asks the Court:

(1) To force the return of Cr. G. and Ca. G. to her custody;

(2) To order the clerk for the Henrico County Juvenile/Domestic Relations Court to make Minister Sims the children's legal guardian;

(3) To compel the Virginia Department of Education to investigate the care of the children;

(4) To compel production of certain IDEA-related proceedings from an unlisted source;

(5) To order sanctions against GCSB under Fed. R. Civ. P. 11 and Fed. R. Civ. P. 37 and to refer GCSB for criminal prosecution;

(6) To provide relief under Fed. R. Civ. P. 60(d)(3) for fraud on the Court;

(7) To compel GCSB and other nonparty school boards to produce records relating to Cr. G. and Ca. G.;

(8) To order the current legal guardians of Cr. G. and Ca. G. to stop acting as guardian;

(9) To order the Social Security Administration to pay the children's benefits to Minister Sims;

(10) To award attorney's fees in the amount of $75,000; and

(11) To refer GCSB's counsel to their respective bar associations for disciplinary proceedings.

See ECF No. 126, at 124-25.

In sum, the CONSOLIDATED MOTION is a rambling, disjointed, confusing medley of a pleading that is rife with cut and paste inserts, photographs, and arguments that are not tethered to any understandable legal theory or authority. There is attached to the MOTION a certificate under Local Civil Rule 83.1(M) certifying that no lawyer helped Minister Sims in the preparation of the CONSOLIDATED MOTION. And, indeed, one would hope that is the case. However, the structure of the document and its substantive arguments (as rambling, disjointed, and confusing as they are) strongly suggests that Minister Sims in fact may have had the help of Dr. Lucas, whose wont is to file similarly-structured, rambling, and confusing motions. Considering the fact that Minister Sims and Dr. Lucas have admitted to coauthoring other pleadings in this case, that is not unlikely to be the case.

Nonetheless, Minister Sims is a pro se party, and when construed liberally in light of that status, the CONSOLIDATED MOTION will be read as: (1) a motion for relief from default judgment under Rule 60(d)(3); (2) a motion for sanctions under Rules 11 and 37; and (3) an attempt to file: (a) various counterclaims; (b) claims against third parties; and (c) discovery requests.

## II. LEGAL STANDARDS

### 1. Federal Rule of Civil Procedure 60(d) and Final Judgments

The motions that a party may make after a final judgment has been entered against her are limited. Because the judgment closes the case as to that party, those motions generally relate to seeking relief from the judgment. See, e.g., Fed. R. Civ. P. 50(b) (seeking renewed judgment as a matter of law); Fed. R. Civ. P. 59(e) (seeking to alter or amend a judgment). As relevant here, Fed. R. Civ. P. 60(d)(3) provides that a court may "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d). A Rule 60(d)(3) motion may be granted where the movant shows that: (1) there was "an intentional plot to deceive the judiciary;" and (2) such fraud impacts the public interest in a way that fraud between private parties does not. Fox v. Elk Run Coal Co., 739 F.3d 131, 136 (4th Cir. 2014). Fraud on the court is a narrow doctrine, applying in cases such as "bribery of a judge . . . or improper influence exerted on the court by an attorney." Great

Coastal Express, Inc. v. Int'l Bhd. of Teamsters, etc., 675 F.2d 1349, 1356 (4th Cir. 1982). "Perjury and fabricated evidence" alone are not enough to satisfy the high standard of Rule 60(d)(3). Id. at 1357.

**II. Federal Rules of Civil Procedure 11 and 37**

Federal Rules of Civil Procedure 11 and 37 each provide the opportunity for a party to seek sanctions, albeit for different reasons and governed by different requirements.

Under Rule 11, all filings made with the Court must certify that they comply with various requirements. These include that the claims or defenses are supported in law, that the facts are reasonably believed to have evidentiary support, and that the filing is not being made for purposes of delay, among others. Fed. R. Civ. P. 11(b). Rule 11(c)(1) empowers the Court to impose sanctions on an attorney, law firm, or party who violates the requirements of the Rule. However, a Rule 11 sanctions motion must first give the opportunity for the opposing party to correct any defects. "The requirements of the rule are straightforward: The party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 389 (4th Cir. 2004) (citing

Fed. R. Civ. P. 11(c)(1)(A), now codified at Fed. R. Civ. P. 11(c)(2)).

Rule 37 provides for sanctions over a party's conduct in the discovery process. Fed. R. Civ. P. 37. Under Rule 37, a party may seek sanctions when another party fails to comply with a request for production of documents, comply with a court order, or otherwise respond to discovery requests. Id. Additionally, a party's failure to make mandatory disclosures under Rule 26(a) or (e) renders that party unable to use such information later in the case. Finally, this Court's Local Rule 37(E) requires that all parties must meet and confer in an attempt to resolve discovery disputes before filing a Rule 37 motion for sanctions.

## III. ANALYSIS

Minister Sims' MOTION will be denied in its entirety. Minister Sims has failed to demonstrate that a fraud has been committed on the Court. She also failed to comply with the procedural requirements of Rules 11 and 37 that are prerequisite to seeking sanctions. Finally, the Court has no jurisdiction to hear the remainder of the claims asserted in the MOTION.

### 1. The motion for relief from judgment will be denied.

Minister Sims has not shown that there has been a fraud upon the Court. Thus, that aspect of the motion will be denied.

Minister Sims spends little time discussing the particulars of each of her asserted grounds for relief. Instead, her 128-page

motion largely consists of tables of various information, photos of herself or family, and screenshots of various emails and court decisions. See, e.g., ECF No. 126, at 20, 22, 27, 33. The small proportion of time spent discussing fraud on the Court consists of two primary allegations. First, she writes:

> This Motion is based upon . . . continued fraud upon the Court arising from Plaintiff's prosecution of this action and its reliance upon declarations and factual representations that Defendant contends are contradicted by the complete administrative, educational, and medical record.

Id. at 11-12. And later, she alleges that:

> Plaintiff's submissions collectively constitute fraud upon the Court because material facts were omitted, contradictory evidence was concealed, and declarations presented an incomplete and misleading factual narrative.

Id. at 108. These statements are followed by a "Chart of Conduct Supporting Defendant's Fraud-Upon-the-Court Argument," wherein Minister Sims lists several pieces of evidence that GCSB allegedly hid from the Court. Id. at 112-116.

Those conclusory allegations are insufficient to meet the rigorous standard of Rule 60(d). From Minister Sims' table, it appears that much of the supposed fraud arose because GCSB did not present evidence to the Court in the way that Minister Sims thought that the evidence should be presented. See id. But that is not the Plaintiff's duty: If Minister Sims wanted to gain access to any

evidence relevant to this case and use it to support her position, she could have participated in discovery. See ECF No. 132, at 8 (indicating that Sims has not filed any discovery requests).

Even assuming that GCSB did hide evidence or did provide fabricated documents to the Court, perjured testimony or falsified evidence are not the type of wrongdoing that is contemplated by the extraordinary remedy of Rule 60(d)(3). See Great Coastal Express, Inc., 675 F.2d at 1357. Minister Sims does not allege the sort of extreme conduct that is actionable under the Rule, such as bribery of a judge or improper influence on the Court. And, nothing that Minister Sims does assert (to the extent that her assertions can be understood) amounts to a fraud on the court. As best as can be discerned, Minister Sims' theory is that GCSB did not offer into evidence at the IDEA hearings certain information about which GCSB and Minister Sims knew. That simply is not fraud, and it certainly is not fraud on the court. In any event, Minister Sims could have offered whatever GCSB did not. She cannot now be heard to contend that GSCB's decision not to present the same evidence is fraud, much less fraud on the court.

Minister Sims also seems to say that GCSB's lawyers committed fraud by advising GCSB about matters involving IDEA because the lawyers were not trained in education. ECF No. 126, at 119-24. The record shows that GCSB was advised by lawyers knowledgeable about IDEA with experience in representing schoolboards. Minister Sims'

contention that, in advising GCSB, those lawyers committed fraud on the Court because they were not educational professionals is just baseless. The related proposition (that GCSB committed fraud by paying the fees of those lawyers) is just as baseless. Minister Sims cites no authority for either contention. And, indeed, there is none. What is baseless is Minister Sims' assertion of fraud upon the court.

Therefore, the aspect of the CONSOLIDATED MOTION relating to Rule 60(d) will be denied.

**II. The sanctions motions also will be denied.**

Minister Sims has failed to comply with the procedural requirements for sanctions motions.[1]

With respect to the Rule 11 motion, just as in her previous attempt to seek sanctions, Minister Sims did not serve her motion on GCSB before filing it with the Court. See ECF No. 132, at 8. Because she did not comply with the 21-day safe harbor provision of Rule 11, the CONSOLIDATED MOTION, insofar as it seeks sanctions under Rule 11, is procedurally improper and will be denied. See Brickwood Contractors, Inc., 369 F.3d at 389.

The same is true for the Rule 37 sanctions motion. Underlying each of the potential grounds is the assumption that the movant — i.e., Minister Sims — has participated in discovery. See Fed. R.

[1] The fact that Sims is pro se does not exempt her from the requirements of Rule 11, Rule 37, or Rule 37(e).

Civ. P. 37. After all, a person can only fail to respond to a discovery request if one has been served. Minister Sims has not filed any discovery requests throughout the pendency of this litigation. See ECF No. 132, at 8. Nor has she attempted to meet and confer with GCSB over any discovery disputes, as required by Local Rule 37(E). Therefore, the CONSOLIDATED MOTION will be denied insofar as it seeks sanctions under Rule 37.

**III. Remaining Requests for Relief**

The Court lacks jurisdiction to entertain the remaining grounds for relief presented in the CONSOLIDATED MOTION. Much of the other arguments raised in the CONSOLIDATED MOTION generally ask the Court to order Plaintiff or third parties to take certain actions. See, e.g., ECF No. 126, at 124 (seeking to have the Court order that Ca. G. and Cr. G. be returned to her custody). That is, they are best read as attempted counterclaims against GCSB or third-party claims. Minister Sims has never filed a procedurally-valid Answer to the Amended Complaint. See ECF No. 52, at 4-5. Thus, to the extent that the MOTION raises new claims, they are untimely unless and until she successfully moves to be relieved from her default judgment and files an Answer.

Similarly, parts of the CONSOLIDATED MOTION seek to compel various entities to produce documents for her inspection. See, e.g., ECF No. 126, at 125 (seeking to compel "production of all communications" regarding idea proceedings). Again, because a

default judgment has been entered against Minister Sims and she has never responded to the Amended Complaint, she may not participate in discovery. Therefore, the CONSOLIDATED MOTION will be denied with respect to those requests.

The CONSOLIDATED MOTION also calls upon the Court to exercise jurisdiction over state court custody proceedings and alter state court Orders respecting child custody and guardianship of minor children. ECF No. 126, at 125-26. The Court lacks jurisdiction to entertain such arguments. Ankenbrandt v. Richards, 504 U.S. 689, 702 (1992) (discussing the domestic relations exception to diversity jurisdiction).

Finally, the CONSOLIDATED MOTION asks the Court to refer GCSB's counsel for disciplinary proceedings. ECF No. 126, at 126. There is no basis in fact to support such a referral. Indeed, GCSB's counsel actually are to be commended for the professional handling of the repetitive, abusive IDEA proceedings initiated by Minister Sims under the guidance of Dr. Lucas, whose avowed penchant and strategy for filing numerous IDEA due process complaints for the purpose of requiring school boards to incur so much in the way of legal fees that they will just knuckle under to her demands is a matter of public and judicial record. Henrico County School Board v. Matthews, No. 3:18-cv-110, 2019 WL 4860936, at *8-9 (E.D. Va. Oct. 2, 2019). That practice was condemned in Matthews, and it is here as well.

## CONCLUSION

For the foregoing reasons, DEFENDANT MINISTER CHERYL DENISE SIMS' CONSOLIDATED MOTION FOR IMMEDIATE RETURN OF MINOR GRANDCHILDREN, RULE 11 SANCTIONS, RULE 37 SANCTIONS, FRAUD UPON THE COURT RELIEF, EVIDENTIARY HEARING, DISCOVERY RELIEF, ATTORNEYS' FEES, COSTS, AND OTHER APPROPRIATE RELIEF (ECF No. 126) will be denied.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 13, 2026