**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

GOOCHLAND COUNTY SCHOOL BOARD,

Plaintiff,

v. Civil Action No. 3:25-cv-238

CHERYL SIMS, et al.,

Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on DR. KANDISE N. LUCAS' MOTION TO DISMISS COUNT I FOR LACK OF SUBJECT MATTER JURISDICTION, OBJECTION TO PLAINTIFF'S REQUEST FOR A PRE-FILING INJUNCTION, AND MEMORANDUM IN OPPOSITION (ECF No. 107); DEFENDANT DR. KANDISE LUCAS' RENEWED MOTION TO DISMISS COUNT I, REPLY TO PLAINTIFF'S RESPONSE, MOTION TO STRIKE, AND MOTION FOR SANCTIONS (ECF No. 122); another motion to dismiss (ECF No. 128) identical to ECF No. 122; and a CONSOLIDATED MOTION TO VACATE, DISSOLVE, OR DENY ANY PRE-FILING INJUNCTION (ECF No. 106) (collectively, the "MOTIONS") and accompanying memoranda in opposition (ECF Nos. 108, 109, and 133). Also before the Court is the Goochland County School Board's ("GCSB") MOTION TO STRIKE (ECF No. 111). For the reasons set forth below, the MOTIONS and the MOTION TO STRIKE will be denied.

**FACTUAL BACKGROUND**

The facts of this case are described in detail in this Court's MEMORANDUM ORDER of June 4, 2026 (ECF No. 104). They are only

reproduced here to the extent necessary to resolve for these MOTIONS and the MOTION TO STRIKE.

This case arises from a series of administrative due process complaints submitted by Dr. Kandise Lucas, acting as a Special Education Advocate on behalf of Minister Cheryl Sims and her minor grandchildren, Cr. G. and Ca. G. Those due process complaints were made pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., and its federal and state implementing recommendations, 34 C.F.R. Part 300; 8 VAC 20-81-10 et seq. (collectively referred to as the "IDEA") and were served upon the Plaintiff, the GCSB.

The AMENDED COMPLAINT (ECF No. 6) alleges that Dr. Lucas and Minister Sims abused the IDEA process by filing 18 complaints, each of which were ultimately found to be unfounded or frivolous. GCSB seeks: (1) to enjoin Dr. Lucas from filing further complaints without first obtaining leave from this Court (COUNT I); and (2) an award of attorney's fees incurred in defending filings that were held to be unfounded and frivolous (COUNT II). In April 2026, GCSB voluntarily dismissed the attorney's fees claim in COUNT II. See ECF No. 97; ECF No. 98.

On July 16, 2025, Dr. Lucas filed a MOTION TO DISMISS FOR FRAUD UPON THE COURT, AND REFER FOR RICO INVESTIGATION (ECF No. 35), which the Court treated, in pertinent part, as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and denied in by ORDER

entered on March 12, 2026 (ECF No. 82).[1] Beginning in June 2026, Dr. Lucas filed a flurry of motions, starting with a Motion to Vacate, Dissolve, or Deny any Pre-Filing Injunction (ECF No. 106). This was followed up by three more motions to dismiss (ECF Nos. 107, 122, & 128), raising a wide array of arguments, including an asserted lack of jurisdiction, that the case violates the First Amendment, and that the case is retaliatory, among others. See ECF No. 109, at 3 (summarizing Defendant's arguments).

## I. LEGAL STANDARD

Federal district courts are courts of limited subject matter jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Lack of subject matter jurisdiction is raised in a motion under Fed. R. Civ. P. 12(b)(1). See Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1994). And, courts have a duty to ensure the existence of subject matter jurisdiction, so "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). "[A] dismissal for lack of subject matter jurisdiction 'must be one without prejudice, because a court that lacks jurisdiction has

[1] That ORDER treated that part of ECF No. 35 which sought a referral for a RICO investigation as beyond understanding, except insofar as it sought unspecified attorney's fees, damages, sanctions, and costs. See ECF No. 82, at 2-3. On that score, the Court denied the MOTION as premature, in part, and untimely, in part. Id.

no power to adjudicate and dispose of a claim on the merits.'" Womack v. Owens, 736 F. App'x 356, 357 (4th Cir. 2018) (quoting S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013)).

**ANALYSIS**

**I. Motions to Dismiss**

In the earliest-pending MOTION TO DISMISS (ECF No. 107), Dr. Lucas argues that this Court does not:

> possess[] subject matter jurisdiction to prohibit citizens from utilizing administrative procedures expressly established by Congress, participating in IDEA due process proceedings, filing complaints with executive agencies, assisting parents and guardians, or otherwise exercising rights protected by federal law.

ECF No. 107 at 2. On that assertion, Dr. Lucas moves, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss the AMENDED COMPLAINT (ECF No. 6) for lack of subject matter jurisdiction.

Dr. Lucas also raises numerous other grounds in support of her MOTIONS. See ECF No. 109, at 3 (summarizing the thirteen other arguments presented in ECF 107, the earliest currently-pending motion to dismiss). Federal Rule of Civil Procedure 12(g)(2) provides that a party may not again move to dismiss on grounds that were "available to [that] party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2); see also al-Suyid v. Hifter, 139 F.4th 368, 373 (4th Cir. 2025) (finding that a defendant waived all defenses not raised in an earlier, pre-answer motion to

dismiss). The lone exception to this precept is an attack on the court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). This Court denied Dr. Lucas' earlier motion to dismiss (ECF No. 24) in its ORDER of June 4, 2026 (ECF No. 104). Each of the arguments raised by Dr. Lucas could also have been included in that motion. Therefore, to the extent that Dr. Lucas' MOTIONS raise defenses unrelated to the Court's jurisdiction, they will be denied.

Now, Dr. Lucas' subject matter jurisdiction argument. This action is brought pursuant to IDEA. That statute's jurisdictional provision is located in 20 U.S.C. § 1415(i)(3)(A), which grants jurisdiction to the district courts for actions "brought under this section without regard to the amount in controversy." The words "this section" refer to the entirety of § 1415. See Virginia Off. of Prot. & Advoc. v. Virginia, Dep't of Educ., 262 F. Supp. 2d 648, 657 (E.D. Va. 2003). That is, § 1415 "expressly empowers a district court to invoke jurisdiction over the subject matter of any action [under the procedural safeguards section]." Id.

In Virginia Office of Protection and Advocacy, the Court marked the distinction between whether there was a cause of action for a particular case and whether there was jurisdiction over that case. Id. at 656-57 (noting that defendants did not challenge the cause of action under Rule 12(b)(6) for a particular claim, only subject matter jurisdiction under Rule 12(b)(1)); see also Steel

Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) ("It is firmly established . . . that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case").

The Court also has found previously that it has the authority to issue injunctions against repeat abusers of the IDEA process. See Powhatan Cnty. Sch. Bd. v. Skinger, No. 3:24-cv-874, 2025 WL 2496396, at *1 (E.D. Va. Aug. 29, 2025), aff'd sub nom. Powhatan Cnty. Sch. Bd. v. Lucas, No. 25-2064, 2026 WL 2018755 (4th Cir. July 13, 2026) (enjoining Dr. Lucas from participating in IDEA complaints in the Powhatan County school system); Henrico County School Board v. Matthews, No. 3:18-cv-110, 2019 WL 4860936 (E.D. Va. Oct. 2, 2019). Although it has never squarely faced a jurisdictional challenge, the Court has accepted jurisdiction on federal question grounds. See Powhatan Cnty. Sch. Bd. v. Halvorsen, No. 3:24-cv-216, 2024 WL 3906080, at *3 (E.D. Va. Aug. 21, 2024); see also Skinger, 2025 WL at *9 (discussing an injunction later entered in Halvorsen). Other courts have also found that IDEA creates jurisdiction outside of the express causes of action listed in the statute. See, e.g., Simon ex rel. Simon v. Yecke, No. 03-cv-6500, 2004 WL 3739590, at *5 (D. Minn. June 1, 2004) (finding jurisdiction over complaint resolution disputes); Ullmo ex rel. Ullmo v. Gilmour Acad., 273 F.3d 671, 680 (6th Cir. 2001) ("Any

claim arising under the IDEA is . . . subject to the jurisdiction of the district court.").

This action arises under IDEA. A case is brought under a federal law when "the right of the petitioners to recover under their complaint will be sustained if [the law is] given one construction and will be defeated if [it is] given another." Bell v. Hood, 327 U.S. 678, 685 (1946). Here, GCSB sought, in COUNT II, an award of attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) and § 1415(i)(3)(B)(i)(III). These provisions permit a school district to recover fees if due process complaints were "frivolous, unreasonable, or without foundation" or were "presented for any improper purpose." 20 U.S.C. § 1415(i)(3)(B)(i)(II)-(III). Thus, had it not voluntarily dismissed that count,[2] GCSB would have prevailed if the Court found that Minister Sims' and Dr. Lucas' complaints were "frivolous" or "improper," but it would have lost if the Court had found that they were not. Id.; Bell, 327 U.S. at 685.

In COUNT I, GCSB continues to seek a prefiling injunction against Dr. Lucas to prevent her from filing more frivolous due process complaints. A permanent injunction may be granted if:

> (1) [GCSB] has suffered an irreparable injury;
> (2) remedies available at law, such as monetary damages, are inadequate to compensate for the injury;
> (3) considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is

[2] See ECF No. 97; ECF No. 98.

warranted; and
(4) the public interest would not be disserved by a permanent injunction.

eBay v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). Assessment of these factors involves consideration and interpretation of IDEA in relation to the harm suffered by GCSB and the public as a whole. See Skinger, 2025 WL 2496396, at *13-15. Indeed, in Skinger, the Court found that an injunction against Dr. Lucas was necessary due, in part, to IDEA lacking mechanisms to deter vexatious complaint conduct. Id. at *13 ("[IDEA's provisions against duplicative complaints] have not deterred the now familiar practice that brought [the plaintiff] to seek injunctive relief against Lucas."). That same question, as well as others discussed in Skinger relating to the provisions of IDEA, will again require consideration here. If the Court finds that IDEA alone could properly dissuade Dr. Lucas' conduct, then she may prevail; if it finds otherwise, then the eBay factors may favor GCSB. Thus, the claim for an injunction also arises under IDEA.

Because both counts of the Complaint against Dr. Lucas were brought under IDEA, the Court has jurisdiction under 20 U.S.C. § 1415(i)(3)(A). See Simon ex rel. Simon v. Yecke, No. 03-cv-6500, 2004 WL 3739590, at *5 (D. Minn. June 1, 2004); Ullmo ex rel. Ullmo v. Gilmour Acad., 273 F.3d 671, 680 (6th Cir. 2001). However, this is not to say that GCSB necessarily has a cause of action under the statute. That question need not, and cannot, be decided today.

Indeed, that question is not raised in the MOTIONS. The only issue for today's case is a challenge to subject matter jurisdiction under Rule 12(b)(1). Had Dr. Lucas wished to address the substantive validity of GCSB's claim, she could have done so in her first Rule 12(b)(6) motion. See Virginia Off. of Prot. & Advoc., 262 F. Supp. 2d at 658-59. Because she did not, that argument has been waived. See ECF No. 82 (denying Dr. Lucas' first motion to dismiss, in which she raised an argument based on a failure to state a claim); Fed. R. Civ. P. 12(g)(2), (h)(1) (providing that such an argument is waived if it is not addressed in a party's first motion to dismiss or responsive pleading).

**II. Motion to Vacate Prefiling Injunction**

Dr. Lucas has also filed a motion entitled CONSOLIDATED MOTION TO VACATE, DISSOLVE, OR DENY ANY PRE-FILING INJUNCTION AND MEMORANDUM OF LAW REGARDING THE REQUIREMENTS OF CROMER KRAFT FOODS NORTH AMERICA, INC. (ECF No. 106). This document attempts collaterally to attack the injunctions entered against Dr. Lucas in Henrico County School Board v. Matthews, No. 3:18-cv-110; Powhatan County School Board v. Halvorsen, No. 3:24-cv-216, and Powhatan County School Board v. Skinger, No. 3:24-cv-874. See ECF No. 106, at 1-2. It also purports to argue that an injunction that might be entered against her in this case should be vacated. Id. Finally, the document includes a so-called "Cromer Audit Matrix," which consists of a table of factors described by the Fourth

Circuit in Cromer v. Kraft Foods North America, Inc., 390 F.3d 812 (4th Cir. 2004)[3] listed for each aforementioned case. Dr. Lucas presumably wishes the Court to fill out the table to evaluate whether the injunctions issued in Matthews, Halverson, and Skinger were properly entered according to Cromer's requirements.

The motion is improper and will be denied. Filing a motion in one case is not a permitted way to attack a judgment in a different case. Challenges to the injunctions issued against Dr. Lucas in other cases must be made in appeals or other proceedings in those cases. And, in fact, Dr. Lucas has repeatedly sought relief in the United States Court of Appeals for the Fourth Circuit and has not succeeded:

A. Matthews, No. 3:18-cv-110: The injunction against Dr. Lucas was issued on October 2, 2019. ECF No. 221.[4] Dr. Lucas appealed that ORDER on October 3, 2026. ECF No. 225. On October 28, 2020, the Fourth Circuit affirmed this Court's ORDER of October 2, 2019. ECF Nos. 243 & 244.

B. Halvorsen, No. 3:24-cv-216: The injunction against Dr. Lucas was entered on April 22, 2025. ECF No. 55. Dr. Lucas appealed on May 5, 2025. ECF No. 57. The Fourth Circuit dismissed the appeal on July 10, 2025, thereby in effect affirming this Court's order of injunction. ECF No. 63.

C. Skinger, No. 3:24-cv-874: The injunction was

[3] Cromer sets forth the standard in the Fourth Circuit for issuing a prefiling injunction to a litigant in federal court pursuant to the All Writs Act, 28 U.S.C. § 1651. See Cromer, 390 F.3d at 817-20.

[4] That ORDER was amended on October 3, 2019. Matthews, No. 3:18-cv-110, ECF No. 222.

entered against Dr. Lucas on August 29, 2025. ECF No. 271. Dr. Lucas appealed on September 3, 2025. ECF No. 272. The Fourth Circuit dismissed the appeal for lack of subject matter jurisdiction because there was no final order in the case. ECF No. 301. Thereafter, the Powhatan County School Board voluntarily dismissed COUNT I for attorney's fees, ECF No. 310, and Dr. Lucas then again appealed the order of injunction. ECF No. 314. The Fourth Circuit affirmed the injunction order on July 13, 2026, ECF Nos. 315 & 316, and Dr. Lucas' motion for rehearing and rehearing en banc were denied on August 25, 2026. ECF No. 320.

Moreover, Dr. Lucas seems to challenge an injunction against her in this case, heedless of the fact that such an injunction does not yet exist. The Evidentiary Hearing on GCSB's request for a pre-filing injunction was postponed to address the subject matter jurisdiction issue. See ECF No. 127. That having been done, a new hearing date will be set.

**III. Remaining Matters**

Dr. Lucas also has requested sanctions against GCSB under Rule 11 in several of the MOTIONS. See ECF No. 122, at 31. Similarly, she has moved to strike portions of the GCSB's response to her first motion to dismiss. Id. at 32. Dr. Lucas' motions for sanctions will be denied because she did not attempt to meet and confer with GCSB to discuss the dispute before seeking sanctions or satisfy Rule 11's safe harbor provision. See Fed. R. Civ. P. 11(c)(2); ECF No. 133, at 3. Nor has Dr. Lucas provided any rationale for striking any portion of GCSB's filings beyond factual disputes that are inappropriate at this stage of the proceedings.

See ECF No. 133, at 3. Thus, these aspects of the motions will be denied.

**CONCLUSION**

For the foregoing reasons, the MOTIONS (ECF Nos. 106, 107, 122, & 128) will be denied. GCSB's MOTION TO STRIKE (ECF No. 111) the first MOTION TO DISMISS (ECF No. 107) will be denied as moot because ECF 107 will be denied.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 13, 2026