**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

GOOCHLAND COUNTY SCHOOL BOARD,

Plaintiff,

v. Civil Action No. 3:25-cv-238

CHERYL SIMS, et al.,

Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on DR. KANDISE N. LUCAS' PRO SE EXPEDITED MOTION TO COMPEL PRODUCTION OF RECORDS FOR THE AUGUST 4, 2026 EVIDENTIARY HEARING (ECF No. 112) ("MOTION TO COMPEL"); DEFENDANT DR. KANDISE N. LUCAS' EMERGENCY INTERLOCUTORY MOTION FOR EXPEDITED CONSIDERATION; MOTION FOR JUDICIAL NOTICE; MOTION FOR PROTECTIVE ORDER; MOTION FOR PRESERVATION OF EVIDENCE; MOTION FOR EXPEDITED EVIDENTIARY HEARING; AND NOTICE OF CONTINUING DUE PROCESS DEPRIVATIONS (ECF No. 129) ("EXPEDITED HEARING MOTION"); and accompanying memoranda in opposition (ECF Nos. 117 & 134, respectively).

Each of those motions will be denied as moot because the matters they discuss are no longer at issue. Each motion will also be denied on its merits because each of them is baseless. The EXPEDITED HEARING MOTION (ECF No. 129) will be granted to the extent it seeks to have the Court take judicial notice of pending criminal proceedings against Dr. Lucas. GCSB has asked the Court

to grant attorney's fees expended in responding to the MOTION TO COMPEL (ECF No. 112) pursuant to Fed. R. Civ. P. 37(a)(5)(B). ECF No. 117, at 12-13. That request will be granted because the MOTION TO COMPEL was baseless.

## RELEVANT FACTS AND ANALYSIS

The facts of this case are set out in the recent Memorandum Opinions (ECF Nos. 137 & 139) relating to other pending motions. Because they are not necessary to deciding the MOTIONs discussed herein, they are not included here.

### I. The MOTION TO COMPEL (ECF No. 112)

Dr. Lucas filed her MOTION TO COMPEL (ECF No. 112) on June 29, 2026. The MOTION TO COMPEL sought to require the Plaintiff, the Goochland County School Board ("GSCB") to produce certain documents relating to the children and school system at issue in this case. ECF No. 112, at 2-3. Dr. Lucas wanted to see these records in advance of a hearing then set for August 4, 2026, to consider the merits of GCSB's claim for a prefiling injunction against Dr. Lucas. Id. at 2. That hearing was subsequently indefinitely delayed pending resolution of Dr. Lucas' several motions to dismiss. See ECF No. 127. Dr. Lucas sought to compel production of the documents by July 13, 2026, even though GCSB notes that Dr. Lucas has never filed a discovery request in this case. See ECF No. 117, at 3.

The MOTION TO COMPEL is moot insofar as it seeks expediting document production. The primary basis for Dr. Lucas' motion is that the documents needed to be provided quickly in advance of the hearing scheduled for August 4. See ECF No. 112, at 2. That hearing was cancelled in the Court's ORDER of July 28, 2026. See ECF No. 127. Dr. Lucas has been free to file discovery requests since that date – something that she has apparently chosen not to do. See ECF No. 117, at 3. If there were still a pressing need for these documents, Dr. Lucas could have begun participating in discovery on that day, nearly two months ago. GCSB would have been obligated to respond within 30 days. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3) (requiring responses or objections to discovery requests to be filed within 30 days). Therefore, the motion is moot to the extent that it asks for expedited production because the need for doing so has passed.

Ordinarily, it is preferable to articulate a single basis for decision and, conversely, to refrain from making alternative holdings. Karsten v. Kaiser Found. Health Plan of the Middle Atl. States, Inc., 36 F.3d 8, 11 (4th Cir. 1994). However, considering the substance of the MOTION TO COMPEL and the virtual certainty of appeal, this motion presents one of those unusual circumstances where it is appropriate to articulate an alternative ground for decision.

Alternatively, the MOTION TO COMPEL must be denied because a party cannot move to compel production if there have been no antecedent discovery requests filed. Fed. R. Civ. P. 37(a)(3)(B). ("[A] motion [to compel] may be made if: . . . a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to produce documents . . . as requested under Rule 34." (emphasis added)).

Just as important for this motion, the process of document production established by the Federal Rules of Civil Procedure begins with one party making a request of the other party to produce specified documents (or electronically stored information). Fed. R. Civ. P. 34(a)(1)(A). The request "must describe with reasonable particularity each item or category of items to be produced." Fed. R. Civ. P. 34(b)(1)(A). The party to whom the request is made is required to voluntarily produce the requested documents or to state specific reasons articulating why a request is objectionable. Fed. R. Civ. P. 34(b)(2)(B)-(C). If objections are filed, counsel or a party proceeding pro se must meet and confer to try to resolve the disagreement made manifest by the objection. E.D. Va. Loc. Civ. R. 37(E). And, "[n]o motion concerning discovery matters may be filed" until this meet and confer requirement is satisfied. Id. Failure to satisfy the meet

and confer requirement can lead to sanctions. E.D. Va. Loc. Civ. R. 37(G)-(H).

In sum, the MOTION TO COMPEL violates both Fed. R. Civ. P. 37 and E.D. Va. Loc. Civ. R. 37. So, for procedural and substantive reasons, it is defective, and those defects necessitate that it be denied.

Moreover, as GCSB points out, the MOTION TO COMPEL improperly seeks to compel production of documents from nonparties. ECF No. 117, at 9-10. The procedure created by the provisions of Rule 34 (and enforced by the provisions of Rule 37) does not afford a means of obtaining documents from nonparties. That is accomplished by subpoena under Fed. R. Civ. P. 45, a procedure not employed by Dr. Lucas here. And, the enforcement procedure of Rule 37 is not a means to secure compliance with a subpoena. So, to the extent that the MOTION TO COMPEL seeks to use Rule 37 to secure documents from nonparties, it is defective for that additional reason. That additional defect is another ground for denying the MOTION TO COMPEL.

Finally, it appears that the documents that Dr. Lucas seeks from GCSB were provided to her long ago. Compare ECF No. 112, at 3-4, with ECF No. 117, at 4-8. So, to that extent, the MOTION TO COMPEL was utterly unnecessary. And, thus, the MOTION TO COMPEL is

defective for that additional reason which is another ground for denying it.

GCSB has also sought attorney's fees and costs from Dr. Lucas expended in replying to the MOTION TO COMPEL. ECF No. 117, at 12-13. Fed. R. Civ. P. 37(a)(5)(B) permits the Court to impose such a sanction if a motion to compel is denied. Local Rule 37 contains a similar provision. E.D. Va. Loc. Civ. R. 37. Dr. Lucas' arguments on the discovery question are frivolous and completely baseless — and certainly not "substantially justified." Fed. R. Civ. P. 37(a)(5)(B). Dr. Lucas has foregone the opportunity to be heard on this issue, electing not to file a reply to GCSB's position. See id. (requiring the Court to give the nonprevailing party on a Rule 37 motion the opportunity to be heard before imposing sanctions). GCSB's request for attorney's fees will therefore be granted.[1]

**II. The EXPEDITED HEARING MOTION (ECF No. 129)**

Dr. Lucas also filed an EXPEDITED HEARING MOTION (ECF No. 129), in which she seeks to have an evidentiary hearing regarding state-level bond revocation proceedings that were scheduled for August 10, 2026. Dr. Lucas faces criminal charges for the unauthorized practice of law related to her practice of filing

[1] GCSB will be required to submit a statement of position setting out the fees and expenses sought. Lucas will then be allowed to respond.

frivolous IDEA complaints, including some of the complaints at issue in this case. ECF No. 134, at 4. She was placed on bond under the condition that she remain on good behavior. ECF No. 129-2, at 5 (commonwealth prosecutor's motion to revoke bond). The Commonwealth's Attorney alleged that Dr. Lucas was arrested while on bond for contempt of court and assault. Id. at 5-6. The EXPEDITED HEARING MOTION (ECF No. 129) thus attempts to have this Court interfere with those state court proceedings for alleged rights violations said to have been committed in those proceedings by the Commonwealth's Attorney. ECF No. 129, at 7-8.

The EXPEDITED HEARING MOTION (ECF No. 129) is also moot. The revocation proceedings were scheduled for August 10, 2026. Neither party has made an updated filing about the outcome of those proceedings, or whether they were delayed to a later date. On the record before the Court, a motion relating to stopping that hearing is now moot because the hearing has presumably already occurred. Therefore, to the extent that the state hearing occurred on August 10, 2026, the EXPEDITED HEARING MOTION will be denied as moot.

Moreover, as above, this motion is also of the sort for which it is appropriate to set forth an alternative ground for decision. See Karsten, 36 F.3d at 11. Even if the motion were not moot, it must be denied because the Court lacks the power to interfere with

a previously-filed state court prosecution. Younger v. Harris, 401 U.S. 37 (1971)

Dr. Lucas and GCSB also request that the Court take judicial notice of these state court proceedings, although for different reasons. Dr. Lucas hopes to have the Court interfere with her ongoing prosecution; GCSB plans to use the facts predicating the case as evidence to support its claim for an injunction. ECF No. 129, at 7-8; ECF No. 134, at 4. A court may take judicial notice of adjudicative facts "not subject to reasonable dispute." Fed. R. Evid. 201. Because it is clear that the state court proceedings exist and that they are related to this case, the EXPEDITED HEARING MOTION will be granted to the extent that it asks the Court to take judicial notice. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (finding that judicial notice may be taken of state court proceedings when they are related to the federal proceedings).

Finally, the EXPEDITED HEARING MOTION (ECF No. 129) seeks to have the Court order various people to preserve many types of evidence. ECF No. 129, at 3-6. Under Fed. R. Civ. P. 37(e), all parties are obligated to preserve electronically stored information that may be relevant in anticipation of litigation. There is no reason to believe that any of the people mentioned in Dr. Lucas' motion have taken any actions inconsistent with Rule

37(e). Moreover, they are nonparties to this case, and Dr. Lucas has not subpoenaed the records. Thus, the Court has no power to order those nonparties to preserve evidence that has not been called for by subpoena. This portion of the EXPEDITED HEARING MOTION will be denied.

**CONCLUSION**

For the foregoing reasons, the MOTION TO COMPEL (ECF No. 112) will be denied as moot to the extent that it requests expedited document production and denied on the merits otherwise. The EXPEDITED HEARING MOTION (ECF No. 129) will be granted with regard to the question of judicial notice, denied as moot and as beyond the power of the Court insofar as it requests the Court to interfere with state criminal proceedings, and denied on the merits in all other respects. The Court will take judicial notice of Dr. Lucas' pending state proceedings. GCSB's request for an award of attorney's fees and costs expended in responding to the MOTION TO COMPEL will be granted.

Because of what is presented in the MOTION TO COMPEL (ECF No. 112) and the EXPEDITED HEARING MOTION (ECF No. 129) and the way it is presented, the Court finds it is necessary to admonish Dr. Lucas about future submissions herein. The simple fact is that ECF Nos. 112 and 119 are frivolous and abusive filings that present baseless arguments, reflect a lack of good-faith participation in the

litigation, and appear to be interposed to vex and harass GCSB. They further have caused unnecessary delay and demanded much of the Court's and the parties' time to resolve — time that could have more prudently been spent deciding the merits of the case. Unsurprisingly, Dr. Lucas' approach to this case manifests the same scorched-earth practice as she admits to using in filing repetitive IDEA due process complaints against school boards. See Henrico Cnty. Sch. Bd. v. Matthews, No. 3:18-cv-110, 2019 WL 4860936, at *8-9 (E.D. Va. Oct. 2, 2019). That practice was the basis for an injunction in Matthews. Id. at *12. And, it has produced an award of attorney's fees here.

Indeed, if Dr. Lucas were a lawyer, her conduct would have produced an Order to Show Cause why her right to practice in this Court should not be revoked. Of course, in this case, Dr. Lucas is a defendant. She is thus not here of her own volition. That, however, does not mean that she can file baseless and vexatious pleadings with impunity. Dr. Lucas is advised that, even as a pro se party, she is subject to the requirements of the Federal Rules of Civil Procedure (including Rule 11) and to the Court's contempt powers.

Therefore, in all future filings, she should be aware of those applicable rules and laws, mindful that future violations of them may produce additional sanctions. To help keep Dr. Lucas' filings

under some semblance of control, she is prohibited from addressing more than one topic in a motion or brief. If she violates that prohibition, that filing just will not be considered. She is further admonished to follow the requirements of E.D. Va. Loc. Civ. R. 47(F)(3), which limits briefs and rebuttals to a maximum of 30 and 20 pages, respectively. Any filing not complying with the Local Rules will be disregarded.

If these restrictions prove insufficient to prevent Dr. Lucas from flouting the requirements of the Local Rules and the Court's Orders, she may be subject to further limitations, such as an injunction prohibiting her from filing documents without leave of the Court. See Cromer v. Kraft Foods North America, Inc., 390 F.3d 812 (4th Cir. 2004).

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 13, 2026